IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRANDY HANKINSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 04-58J |
| | ) |
| JO ANNE B. BARNHART, | ) |
| COMMISSIONER OF | ) |
| SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

MEMORANDUM JUDGMENT ORDER

AND NOW, this 11th day of August, 2005, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits ("DIB") and supplemental security income under Title II and Title XVI, respectively, of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 8) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 6) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d

Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). Moreover, it is well settled that disability is not determined merely by the presence of impairments, but by the effect that those impairments have upon an individual's ability to perform substantial gainful activity. Jones v. Sullivan, 954 F.2d 125, 129 (3d Cir. 1991). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff filed her applications for DIB and SSI on September 10, 2002, alleging disability beginning May 11, 2002, due to manic depression and retinal migraines. Plaintiff's applications were denied. At plaintiff's request, an ALJ held a hearing on July 18, 2003, at which plaintiff appeared represented by counsel. On August 12, 2003, the ALJ issued a decision finding that plaintiff was not disabled. The Appeals Council denied plaintiff's subsequent request for review, making the ALJ's decision the final decision of the Commissioner. The instant action followed.

Plaintiff was 24 years old at the time of the administrative hearing and is classified as a younger individual under the regulations. 20 C.F.R. §§404.1563(c), 416.963(c). Plaintiff has

a high school education, and she attended community college for two years. Plaintiff does not have any past relevant work experience, and she has not engaged in substantial gainful activity since her alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert at the hearing, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence established that plaintiff suffers from the severe impairments of depression with a bipolar component, anxiety and asthma, those impairments alone, or in combination, do not meet or equal the criteria of any of the listed impairments set forth in Appendix 1, 20 C.F.R., Subpart P, Regulation No. 4 (hereinafter, "Appendix 1").

The ALJ found that plaintiff retains the residual functional capacity to perform a range of medium work with certain non-external limitations. Plaintiff requires a simple, routine job that involves low stress, low concentration and low memory. In addition, plaintiff requires work that does not involve much interaction with the public, supervisors or co-workers. Finally, plaintiff must avoid work that involves temperature and humidity extremes, odors, gases and fumes (collectively, the "RFC Finding"). Based upon the vocational expert's testimony, the ALJ concluded that plaintiff's age, educational background and

3

residual functional capacity enable her to make a vocational adjustment to other work that exists in significant numbers in the national economy, such as a printing press operator, landscape laborer, laundry worker, polisher/buffer, metal furniture assembler, boot and shoe laborer and warehouse worker. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment that can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §§423(d)(1)(A), 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do [her] previous work but cannot, considering [her] age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §§423(d)(2)(A), 1382c(a)(3)(B).

To regularize the adjudicative process, the Commissioner has promulgated regulations governing the evaluation of disability. 20 C.F.R. §§404.1501-.1598, 416.901-.998. The process is sequential, following a "set order" of inquiries. 20 C.F.R. §§404.1520(a)(4), 416.920(a)(4).. The ALJ must determine in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the

AO 72
(Rev. 8/82)

criteria listed in Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past relevant work; and (5) if so, whether the claimant can perform any other work that exists in the national economy, in light of her age, education, work experience and residual functional capacity. Id.; see also Sykes v. Apfel, 228 F.3d 259, 262-63 (3d Cir. 2000). If the claimant is found disabled or not disabled at any step, further inquiry is unnecessary.  20 C.F.R. §§404.1520(a)(4), 416.920(a)(4); see Santise v. Schweiker, 676 F.2d 925, 927 (3d Cir. 1982).

Plaintiff first challenges the ALJ's findings at step 2 of the sequential evaluation process.  The "severity regulation" applied at step 2 requires that the claimant have a severe impairment or combination of impairments, which significantly limits the claimant's physical or mental ability to perform basic work activities.  20 C.F.R. §§404.1520(c), 416.920(c).[1]  Here, plaintiff argues that the ALJ erred at step 2 because he did not find that plaintiff's migraine headaches are a severe impairment. The court disagrees with this argument and finds that substantial evidence of record supports the ALJ's finding.

---

1. Basic work activities include the ability to: (1) perform physical functions; (2) see, hear and speak; (3) understand, carry out and remember simple instructions; (4) use judgment; (5) respond appropriately to supervision, co-workers and usual work situations; and (6) deal with changes in a routine work setting. 20 C.F.R. §§404.1521(b)(1)-(6), 416.921(b)(1)-(6).

5

Although the medical evidence of record indicates that plaintiff suffered from migraines on occasion, the evidence does not indicate that plaintiff's headaches limit her ability to perform basic work activities. Significantly, no physician found plaintiff's migraines to be disabling or identified any work restrictions due to headaches. Furthermore, the record indicates that by December 2002, Dr. Ciceron Opida indicated plaintiff's prognosis regarding her headaches was "good". (R. 166).

It is plaintiff's burden to prove that her migraine headaches are a severe impairment. 20 C.F.R. §§404.1512(c), 416.912(c); Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987) (stating that claimant bears the burden of proof at step 2 of the sequential evaluation process). Plaintiff did not meet that burden. After reviewing the record, this court is satisfied that the ALJ's finding regarding the non-severity of plaintiff's headaches (R. 17) is supported by substantial evidence in the record.

Plaintiff next challenges the ALJ's findings at step 5 of the sequential evaluation process. At step 5, the Commissioner must show that there are other jobs that exist in significant numbers in the national economy which the claimant can perform consistent with her age, education, past work experience and residual functional capacity. 20 C.F.R. §§404.1520(g)(1), 416.920(g)(1). Residual functional capacity is defined as that which an individual still is able to do despite the limitations caused by

6

her impairments. 20 C.F.R. §§404.1545(a)(1), 416.945(a)(1); Fargnoli, 247 F.3d at 40. In assessing a claimant's residual functional capacity, the ALJ is required to consider the claimant's ability to meet certain demands of jobs, such as physical demands, mental demands, sensory requirements and other functions. 20 C.F.R. §§404.1545(a)(4), 416.945(a)(4).

Here, plaintiff challenges the ALJ's step 5 finding on numerous grounds, none of which the court finds persuasive. Plaintiff's challenges to the ALJ's step 5 finding include the following: (1) the ALJ failed to properly consider the opinions of plaintiff's treating psychiatrists and therapist; (2) the ALJ failed to consider certain other medical evidence; and (3) the ALJ's hypothetical to the vocational expert was flawed because it did not include all of plaintiff's limitations.

Plaintiff first contends that the ALJ erred by failing to properly consider, and by giving inadequate weight to, the opinions of her treating sources. A treating physician's opinion on the nature and severity of a claimant's impairment will be given controlling weight if it is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other evidence of record. 20 C.F.R. §§404.1527(d)(2), 416.927(d)(2); Fargnoli, 247 F.3d at 43. Under this standard, the opinions of plaintiff's treating sources were not entitled to controlling weight.

7

Dr. Edward Lipski, a psychiatrist, stated that plaintiff temporarily was disabled for 12 months due to bipolar disorder and anxiety. That opinion was set forth on an employability assessment form for the Pennsylvania Department of Public Welfare.[2] (R. 155). Whether or not plaintiff was considered to be disabled for purposes of receiving state welfare benefits is irrelevant herein. A determination made by another agency regarding disability is not binding on the Commissioner of Social Security. See 20 C.F.R. §§404.1504, 416.904. Here, Dr. Lipski's opinion that plaintiff was disabled simply was set forth on a "check-the-box" form without any objective medical evidence to support his conclusion. In addition, the record indicates that Dr. Lipski examined plaintiff once and saw her for two medication checks. (R. 152, 201, 219-20). Despite his opinion of disability on the Pennsylvania Welfare form, Dr. Lipski's examination report indicated that plaintiff was cooperative, socially appropriate with a subdued mood, there was no evidence of thought disorganization or delusions and her insight and judgment were

---

2. Plaintiff also complains that the ALJ did not consider the opinion of Denis Navarro, which also was rendered on an employability assessment form for the Pennsylvania Department of Public Welfare. (R. 148). Although plaintiff characterizes Mr. Navarro as a doctor, it is unclear that he is one or whether he otherwise is an acceptable medical source. Further, Mr. Navarro's opinion that plaintiff was temporarily disabled due to bipolar disorder is set forth on a "check-the-box" form with no supporting medical evidence. There is no other information in the record from Mr. Navarro. Thus, the ALJ properly concluded that Mr. Navarro's opinion was entitled to little weight. (R. 22).

adequate. (R. 152). For these reasons, the court finds that the ALJ properly evaluated Dr. Lipski's opinion. (R. 22).

Plaintiff next claims that the ALJ did not consider the opinion of Dr. Suresh Rajan, a psychiatrist who evaluated plaintiff one time according to the record. (R. 160-61). Although Dr. Rajan identified plaintiff's mood swings, partial judgment and insight and poor concentration, which the ALJ noted, Dr. Rajan never stated that plaintiff was disabled or significantly limited due to a mental impairment. Rather, Dr. Rajan's opinion was that plaintiff was a candidate who would respond to antidepressant therapy. (R. 161). Therefore, the court finds that the ALJ properly considered Dr. Rajan's assessment of plaintiff. (R. 20).

Plaintiff also claims that the ALJ did not consider the opinion of therapist Rose Ann Wilk. The record includes only one treatment summary by Ms. Wilk. (R. 217-18). As an initial matter, Ms. Wilk's assessment of plaintiff is not "medical evidence" under 20 C.F.R. §§404.1513(a) and 416.913(a). Medical evidence must come from an "acceptable medical source" which includes licensed physicians, licensed psychologists, optometrists, podiatrists and speech pathologists. See id.; Hartranft v. Apfel, 181 F.3d 358, 361 (3d Cir. 1999) (recognizing that only the opinion of an "acceptable medical source" is entitled to controlling weight). A therapist's opinion is

9

considered "evidence from other sources" which may be offered to help the Commissioner understand how an impairment affects a claimant's ability to work. See 20 C.F.R. §§404.1513(d)(1), 416.913(d)(1). Thus, any opinion rendered by Ms. Wilk is by no means controlling, and it was within the ALJ's discretion to reject that opinion.

Although not controlling, an ALJ has a responsibility to address non-medical evidence such as Ms. Wilk's assessment of plaintiff. See Burnett v. Commissioner of Social Security, 220 F.3d 112, 122 (3d Cir. 2000). Contrary to plaintiff's position herein, however, the ALJ discussed Ms. Wilk's observations of plaintiff as required by Burnett. (R. 20). Despite plaintiff's suggestion to the contrary, the ALJ properly considered Ms. Wilk's assessment as "evidence from other sources", but did not find that it deserved controlling or significant weight. The ALJ did not err in this regard.

Plaintiff next argues that the ALJ failed to consider certain medical evidence. She argues that Social Security Ruling 85-15 states that there are exertional limitations inherent in depression, which is a component of her bipolar disorder. Thus, plaintiff claims that the ALJ erred by finding that she could perform medium exertional work, because she lacks energy and requires more sleep when she is depressed. None of the medical evidence suggests that plaintiff's depression limits her ability

AO 72
(Rev. 8/82)

to perform the physical demands of medium work, which involves lifting no more than 50 lbs. at a time with frequent lifting or carrying of items weighing up to 25 lbs. 20 C.F.R. §§404.1567(c), 416.967(c). No doctor placed any physical restrictions on plaintiff due to her depression, thus plaintiff's argument lacks merit.

Plaintiff also asserts that the ALJ did not properly consider her Global Assessment Functioning (GAF) scores, which measure an individual's overall psychological, social and occupational functioning. The ALJ discussed plaintiff's GAF scores, which varied from higher to lower levels of functioning at different times, but found that the scores were not supported by the clinical findings. (R. 21). A review of the record indicates that the ALJ did not err in affording little weight to plaintiff's GAF scores, as one score was rendered by therapist Wilk who is not an acceptable medical source (R. 217), another was not supported by the accompanying written assessment of plaintiff (R. 152), and another indicated improvement after treatment. (R. 190, 195).

Plaintiff's final argument is that the ALJ's hypothetical to the vocational expert was flawed because it did not include all of plaintiff's limitations. An ALJ's hypothetical to a vocational expert must reflect all of the claimant's impairments and limitations supported by the medical evidence. Chrupcala v. Heckler, 829 F.2d 1269, 1276 (3d Cir. 1987). Here, the ALJ's

11

hypothetical incorporated all of plaintiff's limitations that the evidence of record supported, including all of the factors that were the basis of the RFC Finding. In addition to that, the ALJ also asked the vocational expert to consider that plaintiff has depression with a bipolar component, some mood swings, occasional panic attacks, headaches, insomnia and asthma. (R. 23, 262-63). The court finds that the ALJ's hypothetical to the vocational expert fairly set forth every credible limitation established by the evidence of record. Nothing in the record suggests that any other limitations claimed by plaintiff should have been incorporated into the hypothetical. Accordingly, the ALJ did not err in relying on the vocational expert's testimony to conclude that plaintiff can perform other work which exists in the national economy.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

                                        /s/ Gustave Diamond
                                        Gustave Diamond
                                        United States District Judge

AO 72
(Rev. 8/82)

cc: William J. Remaley, Esq.
    Berger and Green
    5850 Ellsworth Avenue
    Suite 200
    Pittsburgh, PA 15232

    John J. Valkovci, Jr.
    Assistant U.S. Attorney
    224 Penn Traffic Building
    319 Washington Street
    Johnstown, PA 15901

%AO 72
(Rev. 8/82)